IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.:

| | |
|---|---|
| JESSICA RYAN and NATHANIEL RYAN, individually and on behalf of minor child J.R.<br>Plaintiffs,<br><br>v.<br><br>WAKE COUNTY BOARD OF EDUCATION,<br>Defendant. | **COMPLAINT** |

## I. PRELIMINARY STATEMENT

1. This action is brought by Jessica Ryan ("J.R.") and Nathaniel Ryan ("J.M.") and their minor child, J.R. ("Plaintiffs") to require the Wake County Board of Education ("Defendant") to pay attorneys' fees and costs and expenses following their successful administrative hearing pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 et seq. ("IDEA") and North Carolina law.

## II. PARTIES

2. Plaintiffs J.R. and N.R. and their minor child, J.R., are residents of Wake County, the Defendant's district.

3. N.R. is the father of J.R. He does not have a background in education.

4. J.R. is the mother of J.R.

5. J.R. is a child with a disability as defined by the IDEA. J.R. is entitled to receive special education and related services under the Autism classification and has been diagnosed

1

with the following diagnoses: Autism Spectrum Disorder, Level 2, Generalized Anxiety Disorder, Attention Deficit Hyperactivity Disorder, Combined Presentation, Sensory Processing Disorder, Social (Pragmatic) Communication Disorder, secondary to Autism, Disorder of Written Expression, Other Reactions to Severe Stress and meets the criteria for a Post Traumatic Stress Disorder (PTSD) diagnosis.

6. Defendant is a public school district located in Wake County, North Carolina. Defendant's administrative offices are located at 5625 Dillard Drive, Cary, North Carolina 27518.

### III. JURISDICTION AND VENUE

7. This claim arises under the IDEA, 20 U.S.C. §§ 1400 *et seq.*, 34 C.F.R. Part 300, N.C. Gen. Stat. §§ 115C-109.6 *et seq.*, and Article 3 of Chapter 150B of the North Carolina General Statutes. This Court has subject matter jurisdiction over the federal law claims pursuant to 28 U.S.C. § 1331 and 20 U.S.C. §§ 1415(i)(3)(A).

8. This court may exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367. North Carolina's state special education law, N.C. Gen. Stat. § 115C-106 *et seq.*, must be consistent with the IDEA.

9. Venue in this district is proper under 28 U.S.C. § 1391(b) because Plaintiffs reside in this judicial district, and Defendant is a public school district whose administrative offices are in this judicial district.

10. Plaintiffs, through counsel, filed their original Petition for a Contested Case Hearing in the North Carolina Office of Administrative Hearings ("OAH") on March 1, 2024. Plaintiffs filed a second petition on May 23, 2024.

11. Prior to the commencement of the Due Process Hearing, the parties engaged in extensive discovery, depositions, a number of motions, mediation, and a settlement conference.

12. The administrative hearing took place June 3-7, 2024.

13. The administrative hearing required fourteen (14) witnesses, six (6) who were qualified as expert witnesses. More than sixty-eight (68) exhibits were admitted to the record.

14. Following the hearing, the parties provided the ALJ with lengthy Proposed Decisions. Plaintiffs drafted a seventy (70) page proposed final decision.

15. On September 24, 2024, the administrative law judge ("ALJ") ruled in favor of the Plaintiffs on finding that Defendant "denied Student a free appropriate public education (FAPE) because the September 27, 2023 and November 6, 2023 IEPs failed to contain appropriate service delivery of specialized instruction and related services. Moreover, the goals in the IEPs failed to address all of the Student's academic and functional deficits." (Exhibit 1-Final Decision at 73).

16. The ALJ further determined that Plaintiffs "proved that WCPSS failed to materially implement the November 16, 2022 BIP prior to the assembly held on October 25, 2023 and that failure caused Student to be unable to attend the assembly." (Exhibit 1-Final Decision at 73).

17. Because Plaintiffs were the prevailing party in the administrative review, they are entitled to reasonable attorneys' fees and costs. *See* 20 U.S.C. § 1415(f)(1)(B)(iii)(II).

18. Keith Howard, Esq., Co-Counsel for Plaintiffs, is the founder of The Law Offices of Keith L. Howard, PLLC, a law firm dedicated to representing children and families in special education disputes, and a highly experienced special education attorney. Mr. Howard was first licensed to practice law in North Carolina in March 2004. Mr. Howard

has practiced special education and civil rights law since 2005. Mr. Howard, since 2008, has taught special education law as an adjunct clinical professor, full-time law professor, and currently as an adjunct professor. Throughout his twenty years of legal experience, Mr. Howard has taught continuing legal education sessions, mentored and supervised interns and attorneys, and trained attorneys in special education law. Mr. Howard is currently licensed to practice law in North Carolina, Virginia, District of Columbia, New York, and Maryland. Because of his extensive experience as a practitioner and professor in the area of special education law, Mr. Howard's hourly rate is $425.00, which is a reasonable hourly rate given his substantial and almost exclusive experience in this specialized field of legal practice. Mr. Howard's hourly rate for the District of Columbia based on his years of experience is $787.00.

19. Mr. Howard is one of the few parent attorneys who handle special education cases on a contingency basis, incurring much risk.

20. Mr. Stephenson F. Harvey, Jr., co-counsel for Plaintiffs is the founder of The Harvey Law Group, PLLC and has operated this law firm and practiced law for over 19 years. Mr. Harvey was first licensed to practice law in Washington, D.C. in 2005. Mr. Harvey is duly licensed to practice law in Washington, D.C., Maryland, North Carolina, and New York. Given his many years of experience, Mr. Harvey's local hourly rate is $425 per hour. Mr. Harvey's hourly rate for the District of Columbia based on his years of experience is $778.00.

21. Mr. Harvey currently primarily focuses on special education and civil rights matters.

22. Mr. Harvey has worked on and litigated education cases, other civil cases, criminal cases and juvenile cases since 2005.

23. Prior to 2005, Mr. Harvey worked in business and politics. From 1997 through 1999, Mr. Harvey worked on civil rights matters, disability rights matters, and education matters as a legislative staff member for Congressman Hon. Louis Stokes, U.S. House of Representatives (OH-11). Mr. Harvey has been a co-presenter in special education law presentations (e.g., Rights of Disabled Students, Individuals with Disabilities Education Act, Section 504 of the Rehabilitation Act, Americans with Disabilities Act) and other legal areas, online and in person to parents, special education advocates and providers.

24. Mr. Harvey has provided pro-bono representation to families in special education matters for non-profits such as the Children Law Center, Disability Rights of Maryland, and Disability Rights of North Carolina. Mr. Harvey has also provided pro-bono and low-bono representation for families in immigration matters for Catholic Charities, senior citizens- many with disabilities, in elder law matters for AARP, Legal Counsel for the Elderly, and other disabled clients such as disabled military veterans.

25. Mr. Harvey was co-counsel with Mr. Keith Howard, Esq. in the above-captioned case. They represented the family in this case on a contingency basis. Under these circumstances, Mr. Howard and Mr. Harvey take on a significant amount of risk with contingency cases because if our clients are not prevailing parties, our clients are not entitled to reimbursement of attorney's fees and costs (e.g. expert fees).

26. Mr. Harvey is typically retained on a contingency basis for all of his special education clients.

27. Co-Counsel Mr. Howard and Mr. Harvey worked together to prepare and litigate Plaintiffs' claims in the underlying contested case hearing.

28. The Law Offices of Keith L. Howard, PLLC utilizes an hourly rate of $425.00 per hour for Keith Howard, an attorney with over twenty (20) years of legal experience with the majority focused on litigating special education matters and more than seventeen years teaching special education to law students and practicing attorneys. The Harvey Law Group, PLLC utilizes an hourly rate of $425.00 per hour for Stephenson Harvey given his over nineteen (19) years of experience. These hourly rates and time spent by these attorneys were reasonable in light of their respective range of experience in the area of special education law and the complexity and length of the underlying action. Both attorneys have voluntarily omitted a significant amount of time in this matter as this matter was complex and required a significant amount of time, including extensive discovery, depositions which were held at night, and five days of hearing.

29. The Law Offices of Keith L. Howard, PLLC also employed the use of non-attorney legal support staff as needed, during the course of the underlying litigation. The current hourly rate for the non-attorney support staff is $80.00 per hour. Ms. Ese Love holds a Juris Doctor degree and served as a paralegal for the Law Offices of Keith L. Howard, PLLC during the period of time covered by this matter. Michael Saldaris is a legal intern and assisted with all aspects of litigation, including reviewing the extensive documents, attending most of the hearing days taking notes, debriefing with counsel, and assisting counsel with analyzing the case before and during the hearing. These hourly rates and

the time spent by the non-attorney support staff were reasonable in light of the paralegal's and law intern's education, experience, and the complexity and length of the underlying administrative action.

30. The Law Offices of Keith L. Howard, PLLC litigated Plaintiffs' claims in the underlying administrative hearing from October 2023 to the present, reviewing thousands of pages of student records, advising Plaintiffs, negotiating in good faith with the Defendant, preparing for and attending five (5) days of hearing, briefing numerous pre- and post-hearing motions, and providing the ALJ a comprehensive written Proposed Decision.

31. The Harvey Law Group, PLLC and Mr. Harvey worked on the Plaintiff's claims in the underlying case from about March 2024 to present, reviewing thousands of pages of records, drafting witness questions, advising Plaintiffs, participating in witness preparation sessions, attending meetings and conferences with opposing counsel, ALJ and co-counsel, engaged in email communications with opposing counsel, co-counsel, clients and third parties regarding the case, represented Plaintiffs in a five (5) day hearing, and assisted in drafting Plaintiffs' Proposed Decision.

## IV. CAUSES OF ACTION

*Attorney's Fees and Costs Under the Individuals with Disabilities Education Act*

32. Plaintiffs incorporate the preceding paragraphs as if set forth in full herein.
33. Plaintiffs are "prevailing parties" under the IDEA as defined in case law in this and every federal circuit and are therefore entitled to reasonable legal fees. 20 U.S.C. § 1415(i)(3).
34. The Administrative Law Judge ("ALJ") found Plaintiffs the prevailing party.

35. The Harvey Law Group, PLLC seeks fees in the amount of **$171,275.00** in attorney's fees and $**2,238.80** in expenses in connection with the underlying administrative action as well as the additional fees and costs associated with this action. These fees were reasonable given the complexity of the administrative matter and length of the hearing.

36. The Harvey Law Group, PLLC has incurred, and is continuing to incur additional fees in connection with the filing and litigation of the instant action for legal fees. These fees are reasonable given the length and complexity of the underlying matter.

37. The Law Offices of Keith L. Howard, PLLC seeks fees in the amount of **$228,817.50** in attorney's fees and $**2914.00** in expenses in connection with the underlying administrative action as well as the additional fees and costs associated with this action. These fees were reasonable given the complexity of the administrative matter and length of the hearing.

38. The Law Offices of Keith L. Howard, PLLC has incurred, and is continuing to incur additional fees in connection with the filing and litigation of the instant action for legal fees. These fees are reasonable given the length and complexity of the underlying matter.

39. Plaintiffs have incurred expert witness fees that have not been included in this Complaint. Both Mr. Keith Howard and Mr. Stephenson Harvey Jr. voluntarily reduced and removed fees and expenses from this Complaint practicing appropriate billing judgment.

## V. RELIEF REQUESTED

WHEREFORE, Plaintiffs respectfully request that:

40. This Court takes jurisdiction of this matter, and order Defendant to pay $**228,817.50** in attorney's fees and $**2,914.00** in expenses to the Law Offices of Keith L. Howard, PLLC,

reflecting the legal fees and costs necessary to represent Plaintiffs successfully in the underlying matter and to prosecute this case;

41. This Court takes jurisdiction of this matter, and order Defendant to pay **$171,275.00** in attorney's fees and $**2,238.80** in expenses to the Harvey Law Group, PLLC reflecting the legal fees and costs necessary to represent Plaintiffs successfully in the underlying matter and to prosecute this case;

42. This Court order Defendant to pay fees and costs for the time The Law Offices of Keith L. Howard, PLLC and Harvey Law Group, PLLC spent, and shall continue to spend, before this Court to recover fees ("fees on fees"), which are presently being incurred;

43. This court order Defendant to provide pre- and post-judgment interest; and

44. This Court awards any other relief that it deems just and proper.

This the 22nd day of January 2025.

BY: THE LAW OFFICES OF KEITH L. HOWARD, PLLC

/s/Keith Howard
Keith Howard
Attorney at Law
NC Bar # 32258
19109 W. Catawba Ave. Ste. 200
Cornelius, NC 28031
keithh@khowardlaw.com
Tel: 704-612-4151
Attorney for Plaintiffs

By: THE HARVEY LAW GROUP, PLLC

/s/Stephenson F. Harvey, Jr.
Stephenson Harvey
N.C. State Bar No. 56855

P.O. Box 434
Dunkirk, MD 20754
(202)291-2914
sharvey@theharveylawgroup.com
Attorney for Plaintiffs